IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROSA FONDREN                                                                                    PLAINTIFF
*On behalf of*
D.L.F., A MINOR

vs.                                            Civil No. 2:12-cv-02105

CAROLYN W. COLVIN                                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Rosa Fondren ("Plaintiff") brings this action on behalf of D.L.F., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying D.L.F.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed an SSI application on behalf of D.L.F. on September 8, 2009. (Tr. 8, 96). With this application, Plaintiff alleges D.L.F. is disabled due to developmental delays. (Tr. 122). Plaintiff alleges D.L.F.'s onset date was September 8, 2009. (Tr. 122). This application was denied initially and again upon reconsideration. (Tr. 49-58). Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on D.L.F.'s application, and this hearing request was granted. (Tr. 59-60). An administrative hearing was held on September 14, 2010 in Fort Smith, Arkansas. (Tr. 28-44). Plaintiff was present and was represented by Wayne Young at this hearing. *Id.* Plaintiff testified at the hearing in this matter. *Id.*

On December 14, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of D.L.F. (Tr. 8-21). In this decision, the ALJ determined D.L.F. was born on May 21, 2006 and was an older infant on the date her application was filed and was currently a preschooler. (Tr. 11, Finding 1). The ALJ determined D.L.F. had not engaged in Substantial Gainful Activity ("SGA") since her application date. (Tr. 11, Finding 2). The ALJ determined D.L.F. had the following severe impairments: borderline intellectual functioning ("BIF") and attention deficit hyperactivity disorder ("ADHD"). (Tr. 11, Finding 3). The ALJ also determined, however, that none of D.L.F.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 11-20, Findings 4-5).

In assessing whether D.L.F.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 11-20, Finding 5). Specifically, the ALJ determined D.L.F. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than marked limitation in the ability to care for herself; and (6) no limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined D.L.F. had not been under a disability, as defined by the Act, at any

time from the date Plaintiff's application was filed through the date of his decision. (Tr. 21, Finding 6).

Thereafter, on February 17, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 27). On March 16, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 15, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 3, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of

3

1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2009, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.  First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.  If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.  If a severe impairment is found, the ALJ will proceed to the third step.  At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  A minor child may be disabled if his or her impairment is

functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.     Discussion:**

In her appeal brief, Plaintiff argues the ALJ erred in finding D.L.F. did not have an impairment that satisfied functional equivalence in the broad areas of development and functioning. ECF No. 9, Pgs. 7-9. In response, Defendant argues the ALJ properly determined D.L.F.'s impairments did not meet, medically equal, or functionally equal the requirements of any of the

Listings. ECF No. 10.

As noted above, to determine whether a child's impairments are functionally equivalent to a Listing, the SSA considers the following six domains of functioning: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). Plaintiff claims the ALJ erred in determining whether D.L. F.'s impairments were functionally equivalent to a Listing. ECF No. 9, Pgs. 5-9. The Court will address the four domains Plaintiff has raised: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; and (4) caring for herself.

### 1. Acquiring and Using Information

Acquiring and using information concerns how well a child is able to acquire or learn information and how well a child uses the information he has learned. *See* 20 C.F.R. § 416.926a(g). This domain involves how well a child perceives, thinks about, remembers, and uses information in all settings, which includes daily activities at home, at school, and in the community. *See id.* Preschool children (age 3 to attainment of age 6), who are old enough to go to preschool or kindergarten, should begin to learn and use the skills that will help them to read and write and do arithmetic when they are older. *See* 20 C.F.R. § 416.926a(g)(iii).

The ALJ determined D.L.F. has a less than marked limitation in this domain of functioning. (Tr. 14-15). Plaintiff disputes this finding. ECF No. 9, Pg. 5. In his decision, the ALJ considered the reports from D.L.F.'s teachers and Plaintiff's testimony. Specifically, the ALJ noted the following:

> Ms. Fondren stated that the claimant knew 90 percent of her the alphabet but could not write her ABCs. She could count up to six. She could not write her name or read

>at the time of the hearing. As noted above, Dr. Spray diagnosed the claimant with borderline intellectual functioning based on her IQ scores as well as ADHD (exhibit 5F). The Stepping Stone School's testing from 2009 showed that the claimant was 2.0 standard deviations below average in the cognitive area (exhibit 9E).
>
>However, the claimant's year-end report showed that she had reached 52 out of 71 of her objectives (exhibit 8E). Ms. Fondren had observed improvement in all developmental areas, and the Stepping Stone report stated that improvement was expected to continue (exhibit 8E). While the claimant needed to work on naming 11 colors and 6 shapes and sorting objects by their characteristic, she could repeat finger plays with words and actions, put graduated sizes in order, and match objects by color, shape, and size (exhibit 8E). In short, while the claimant is limited in this domain, her limitation is less than marked.

(Tr. 14-15).

Additionally, Dr. Susan Manley and Dr. Karen Schnute prepared Childhood Disability Evaluation Forms on D.L.F. (Tr. 214-225). In each evaluation, they found D.L.F. less than marked limitation in this domain of functioning. *Id.*

Considering the ALJ's reasoning, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue.

### 2. Attending and Completing Tasks

This domain considers how well a child is able to focus and maintain attention and how well he is able to begin, carry through, and finish activities, including the mental pace at which he performs activities and the ease of changing activities. *See* 20 C.F.R. § 416.926a(h). Attending and completing tasks also refers to a child's ability to avoid impulsive thinking and his ability to prioritize competing tasks and managing his time. *See id.* As a preschooler, a child should be able to pay attention when spoken to directly, sustain attention to play and learning activities, and concentrate on activities like putting puzzles together or completing art projects. *See* 20 C.F.R. §

416.926a(h)(iii).

The ALJ determined D.L.F.. has a less than marked limitation in this domain of functioning. (Tr. 15-16). In his decision, the ALJ considered the reports from D.L.F.'s teachers, Plaintiff's testimony and medical reports. Specifically, the ALJ noted the following:

> Ms. Fondren related to Dr. Spray that the claimant was more physically active than other children her age and size and often seemed to talk too much (exhibit 5F). She also said that the claimant had difficulty playing fairly with other children and staying with a specific activity (exhibit 5F). At the hearing, Ms. Fondren stated that the claimant continued to be very hyperactive and would lose interest quickly.
>
> However, the claimant has not had any treatment for ADHD, which indicates that she is not as limited as alleged. Furthermore, Dr. Spray stated that the claimant was redirected fairly quickly (exhibit 5F). At the Stepping Stone year-end review, the claimant could use three-word sentences and carry out two-step unrelated commands (exhibit 8E). While the claimant has limitations in this domain, the evidence as a whole shows that they are less than marked.

(Tr. 16).

Additionally, Dr. Susan Manley and Dr. Karen Schnute prepared Childhood Disability Evaluation Forms on D.L.F. (Tr. 214-225). In each evaluation, they found D.L.F. less than marked limitation in this domain of functioning. *Id.*

Considering the ALJ's reasoning, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue.

### 3. Interacting and Relating with Others

This domain of functioning considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. *See* 20 C.F.R. § 416.926a(i). Interacting and relating with others relates to all aspects of

8

social interaction at home, at school, and in the community. *See id.* Because communication is essential to both interacting and relating, this domain considers speech and language skills children need to speak intelligently and to understand and use the language of their community. *See id.* Preschool children should be able to socialize with children as well as adults; should begin to prefer playmates his own age and start to develop friendships with children who are his age; and should be able to use words instead of actions for expression, and also be better able to share, show affection, and offer to help. *See id.*

The ALJ determined D.L.F. has a less than marked limitation in this domain of functioning. (Tr. 16-17). In his decision, the ALJ considered the reports from D.L.F.'s teachers and medical reports. Specifically, the ALJ noted the following:

> Testing done by the Stepping Stone School in August 2009 showed that the claimant scored 2.0 standard deviations below average with regard to the personal-social area (exhibit 9E). Ms. Fondren related to Dr. Spray that the claimant seemed to talk too much, would get upset with disappointment, and was easily excitable (exhibit 5F). When angered, the claimant's mother said that the claimant would hit, kick, throw things, and slam doors (exhibit 5F). The teacher at Stepping Stone stated in the year-end evaluation that she needed to work on sharing toys, taking turns when playing simple games, and helping a peer with a task when given the opportunity (exhibit 8E).
>
> While those findings show that the claimant is limited in this domain, the evidence as a whole shows that the limitations are less than marked. When the claimant becomes angry, she will recover in 20 to 30 minutes (exhibit 5F). She was cooperative during the mental status consultative examination (exhibit 5F). Less than a month before the application was filed, Dr. Cheshier described the claimant as a lovely young child with no problems to be discussed (exhibits 1F, 2F, and 3F). As stated earlier, the claimant is expected to improve in all areas, and the evidence as a whole shows that her limitations in this domain are less than marked.

(Tr. 17).

Additionally, Dr. Susan Manley and Dr. Karen Schnute prepared Childhood Disability Evaluation Forms on D.L.F. (Tr. 214-225). In each evaluation, they found D.L.F. less than marked

limitation in this domain of functioning. *Id.*

As noted above, a marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). Considering the ALJ's reasoning and these facts, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue.

**4. Caring for Herself**

This domain considers how well a child maintains a healthy emotional and physical state, including how well a child satisfies his physical and emotional wants and needs in appropriate ways. *See* 20 C.F.R. § 416.926a(k). This includes how the child copes with stress and changes in the environment and how well the child takes care of his own health, possessions, and living area. *See id.*

The ALJ determined D.L.F. has less than a marked limitation in this domain of functioning. (Tr. 19-20). In his decision, the ALJ considered the reports from D.L.F.'s teachers and medical reports. Specifically, the ALJ noted the following:

> Dr. Spray reported that the claimant's adaptive behavior composite score on the Vineland- II was 59(+/- 5) (exhibit 5F). According to Dr. Spray, her adaptive behavior scores were consistent with a diagnosis of mental retardation (exhibit 5F). The year-end evaluation at Stepping Stone showed that the claimant needed to work on feeding herself without spilling at mealtimes, using a napkin to clean her hands and face at mealtimes, and washing her hands using the five step (exhibit 8E).
>
> On the other hand, the claimant could take responsibility for her toileting needs, manipulate large buttons and snaps, and get a drink of water from the fountain independently (exhibit 8E). She could ask for assistance when having difficulty (exhibit 8E). When the evidence is viewed in its totality, the claimant's limitations in this domain are less than marked.

(Tr. 20).

Additionally, Dr. Susan Manley and Dr. Karen Schnute prepared Childhood Disability

Evaluation Forms on D.L.F. (Tr. 214-225). In each evaluation, they found D.L.F. less than marked limitation in this domain of functioning. *Id.*

Considering the ALJ's reasoning and the other findings referenced above, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue. Further, because Plaintiff has not demonstrated the ALJ erred when he found D.L.F. did not have a marked or extreme limitation in any of these domains of functioning, the Court finds Plaintiff has also not demonstrated D.L.F.'s impairments are functionally equivalent to the Listings.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of D.L.F. is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this 3rd day of June 2013.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE